```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

JAMES JENNINGS                                              PLAINTIFF


VS.                                 CIVIL ACTION NO. 3:08CV686TSL-JCS


HOUSTON PATTON AND
ED PETERS                                                   ED PETERS


                    MEMORANDUM OPINION AND ORDER

This cause is before the court on separate motions of defendants Houston Patton and Ed Peters to dismiss, or in the alternative, for summary judgment. Plaintiff James E. Jennings, Jr. has responded to the motions, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that defendant Peters' motion is well taken and should be granted, and defendant Patton's motion should be denied.

In April 1997, plaintiff Jennings, along with his then-attorney Keith Shelton, was arrested for bribery of defendant Houston Patton, a County Court judge with Hinds County. The two were subsequently indicted in August 1997, but they were never tried, and in November 2005, the charges against them were dismissed with prejudice. Jennings thereafter filed the present action against Patton and against former Hinds County District Attorney Ed Peters under 42 U.S.C. § 1983, alleging that

defendants violated his Fourth and Fourteenth Amendment right to be free from prosecution without probable cause.  More specifically, Jennings alleged that after his attorney Keith Shelton approached defendant Patton on Jennings' behalf to discuss a possible settlement of a wrongful imprisonment claim which Jennings intended to file against Patton, Patton falsely and maliciously reported to the Hinds County District Attorney's office that Jennings and Shelton had attempted to bribe him, and Patton initiated a criminal prosecution of Jennings by filing a false criminal complaint and affidavit relating to the alleged bribe and by further withholding exculpatory evidence from the District Attorney's office.  Jennings further alleges that Patton and then-District Attorney Peters conspired to fabricate evidence and to withhold exculpatory evidence for the sole purpose of prosecuting Jennings without probable cause.

Patton argues in his motion that Jennings' claims against him should be dismissed pursuant to Rule 12(b)(6) on the bases that Jennings' complaint "does not cite a single statute and/or law that authorizes him to sue Judge Patton in federal court"; the complaint does not identify "a single act Judge Patton took to violate his constitutional rights" or identify "what right, if any, was violated" and is therefore insufficiently fact-specific to defeat Patton's claim of qualified immunity, see Elliot v.

2

Perez, 751 F.2d 1472, 1478 (5th Cir. 1985) (applying heightened pleading standard burden on plaintiffs to overcome qualified immunity defense). For the following reasons, the court rejects Patton's position on these issues.

First, the fact that plaintiff failed to cite 42 U.S.C. § 1983 as the statutory basis of his cause of action does not warrant dismissal of his claim. Plaintiff has alleged that Patton, acting under color of law, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution, which in the court's view is sufficient to satisfy the pleading requirements of Rule 8. See Zeigler v. Miskiewicz, No. C2-07-0272, 2008 WL 650335, 4 (S.D. Ohio Mar. 5, 2008) (since it appeared from their complaint and subsequent pleadings that they were making a due process claim against alleged state actors, the court, taking into account the notice to defendants and the liberality of pleading which the Federal Rules of Civil Procedure afford, elected to consider their due process arguments even though their complaint failed to cite § 1983); cf. Bailey v. City of Ridgeland, Civil Action No. 3:05-CV-266BS, 2006 WL 1581333, 1 n.1 (S.D. Miss. June 2, 2006) (pro se plaintiff's failure to cite § 1983 in his complaint did not require dismissal, as it was clear plaintiff was proceeding under a § 1983 cause of action in raising his constitutional and federal law claims).

3

As for Jennings' alleged failure to include in his complaint sufficient factual specificity to overcome Patton's qualified immunity, in Shultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc), the Fifth Circuit established the use of a rule 7(a) reply as a means of resolving the inherent conflict between the notice pleading procedures established by the Federal Rules of Civil Procedure and a defendant's substantive right of qualified immunity, which requires that a plaintiff allege with particularity those facts necessary to overcome a qualified immunity defense. See Meekins v. Thompson, No. 00-31057, 2001 WL 422831, 1 (5th Cir. Apr. 4, 2001). Thus,

> [w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

Id. at 2 (quoting Shultea, 47 F.3d at 1433). Here, Patton raised his qualified immunity defense in his answer and his motion to dismiss on qualified immunity grounds. Jennings' response to the motion to dismiss is sufficient to serve as his rule 7 reply. See Jordan v. Wright, 3:08CV454TSL-JCS, 2008 WL 4279576, 3 (S.D. Miss. Sept. 12, 2008) (court directed that plaintiff's response to defendants' motion to dismiss on qualified immunity ground would serve as his rule 7 reply). Jennings' response to Patton's motion to dismiss provides the factual detail which Patton has asserted

4

was absent from his complaint, and in the court's opinion, *identifies* sufficient facts to overcome Patton's qualified immunity defense. Accordingly, the motion to dismiss for failure to state a claim will be dismissed.

Patton has moved for summary judgment, asserting that he is entitled to absolute judicial immunity, or alternatively, that he is at least entitled to qualified immunity. In the court's opinion, however, having considered the evidence of record, there are genuine issues of material fact on both his asserted immunity defenses.[1]

"A judge generally has absolute immunity from suits for damages" arising out of the performance of their judicial functions. Davis v. Tarrant County, Tex., 565 F.3d 214, 221 (5th Cir. 2009) (citing Mireles v. Waco, 502 U.S. 9, 9-10, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). In fact, judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice, as plaintiff has alleged herein. See Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18

---

[1] Patton has moved to strike several exhibits submitted by Jennings with his response to the pending summary judgment motions. The court is of the opinion that the motion to strike should be denied. The court would note, however, that to the extent he contends specific portions of challenged exhibits are inadmissible as hearsay or for other reasons, this ruling will not foreclose his raising such specific objections at or prior to trial.

5

L. Ed. 2d 288 (1967); see also Mireles, 502 U.S. at 11, 112 S. Ct. 286. "There are only two circumstances under which judicial immunity may be overcome. 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.' ' Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" Davis, 565 F.3d at 221 (citing Mireles, 502 U.S. at 11, 112 S. Ct. 286). The issue here is whether Patton's challenged actions were taken in his judicial capacity, as he contends, or whether they were nonjudicial actions, for which there is no absolute judicial immunity. The Fifth Circuit has described the pertinent inquiry as follows:

> "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 12, 112 S.Ct. 286 (quoting Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)) (internal quotation marks omitted). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge...." Id. at 13, 112 S. Ct. 286 (citation omitted). This circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Ballard v. Wall, 413 F.3d 510, 515 (5th Cir.

6

>       2005) (citing <u>Malina v. Gonzales</u>, 994 F.2d 1121, 1125
>       (5th Cir. 1993)).  These factors are broadly construed
>       in favor of immunity.  <u>Id.</u> (citing <u>Malina</u>, 994 F.2d at
>       1125).

<u>Id.</u> at 222-23.

In the court's opinion, under the version of facts offered by Jennings, which the court accepts as true for present purposes,[2] Patton's actions may not fairly be characterized as judicial. According to Jennings, after he hired attorney Keith Shelton in March 1997 to file a civil rights lawsuit against Judge Patton for wrongful imprisonment,[3] Shelton, on Jennings' behalf, contacted and met with Patton before filing suit and offered to settle the claim with Patton for $25,000. Plaintiff maintains these were the sole terms of what was a simple settlement proposal, and yet Patton falsely reported to law enforcement officials, and signed a

---

[2] <u>Cf.</u> <u>Coons v. Lain</u>, 277 Fed. Appx. 467, 471, 2008 WL 1983580, 3 (5th Cir. 2008) (affirming denial of summary judgment on qualified immunity where deputy's motion was based on his own account of the facts, which was directly disputed by the plaintiff, and stating, "If we accept [the plaintiff's] version of the facts, as we must when reviewing a grant of summary judgment, [the deputy's] detention of [the plaintiff] was not supported by articulable facts that criminal activity was afoot. Under this version, [the deputy's] actions were objectively unreasonable and he should not be shielded by qualified immunity.").

[3] Jennings had been jailed for a period of days nearly three years earlier in connection with contempt charges. Jennings claimed that Patton refused to release him from jail notwithstanding that he had posted an appropriate bond, and that Patton did so in order to coerce him to agree to vacate a $35,000 default judgment that had previously been entered in Jennings' favor in a lawsuit against Jennings' former wife, Stacy Kenney.

7

formal statement to the effect that Jennings and Shelton had attempted to extort and/or bribe him.  Specifically, Patton reported that Shelton had come to see him, not as an attorney representing a client, but rather in a personal capacity with a "message from Jennings" that if Patton would reinstate a $35,000 judgment in Jennings' favor against his ex-wife Stacy Kenney and would additionally pay him $25,000, then Jennings would not file a civil suit against him and would dismiss a complaint he had previously filed against Patton with the Committee on Judicial Performance.  Jennings charges that in addition to falsely representing and characterizing the settlement offer and its terms to law enforcement officials as a bribe and/or extortion, Patton withheld exculpatory evidence from the District Attorney's office, namely the initial draft settlement agreement which Shelton had prepared reflecting the actual terms of the settlement proposed by Shelton, i.e., $25,000 to settle Jennings' wrongful imprisonment claim.  Jennings contends that his indictment was a direct result of Patton's false statement/affidavit and his withholding exculpatory evidence.

In support of his motion, Patton maintains that reporting a suspected bribe and thereafter cooperating in a law enforcement investigation of a potential bribe and/or extortion qualify as judicial acts for purposes of immunity analysis.  In that, he may

be correct. However, Jennings' position, in support of which he has produced competent evidence, is that there never was any attempt to bribe and/or extort Judge Patton, or anything that could have been interpreted as such, but rather a settlement overture relating to a civil action he planned to file against Patton. In the court's opinion, based on plaintiff's version of the facts, no reasonable argument can be made that Patton's alleged acts of making false statements to law enforcement and withholding material and exculpatory information to bring about the criminal prosecution of two innocent men are judicial or adjudicative acts. As Jennings points out, while Shelton's initial meeting with Patton occurred at Patton's office in the courthouse, other acts, including those of which Jennings principally complains, occurred at the offices of the District Attorney. Moreover, the controversy did not involve any case then pending before Judge Patton. The only pertinent judicial proceeding at the time involving Judge Patton was the potential civil rights claim that Shelton was attempting to settle. And, the visits to Judge Patton were not to him in his official capacity but rather involved an attempt to settle a claim against him as a potential litigant. Under the circumstances, the court cannot conclude as a matter of law that Patton is entitled to judicial immunity. Rather, it is apparent that there are genuine

issues of material facts that preclude summary judgment on this immunity defense.

The court likewise concludes that these same factual disputes foreclose Patton's motion for summary judgment on his qualified immunity defense. As Patton notes, qualified immunity protects public officials acting within the scope of their official duties from civil liability so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Hathaway v. Bazany, 507 F.3d 312, 320 (5th Cir. 2007) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). Patton argues in his motion that he is entitled to qualified immunity since Jennings cannot establish any constitutional violation. More to the point, while he implicitly acknowledges that intentionally misrepresenting material facts to, and/or concealing material/exculpatory information from a grand jury could amount to a constitutional violation if such acts were material to the grand jury's returning an indictment, he maintains that, in fact, Jennings has no evidence that Patton presented false testimony or produced fabricated evidence, or withheld material exculpatory evidence during the grand jury proceeding which resulted in or was material to Jennings' indictment. However, Jennings has presented evidence which, if credited, suggests that Patton misrepresented

10

manifestly material facts to the district attorney's office, and to the investigating officer who testified before the grand jury, and that he intentionally withheld exculpatory information, all of which would likely have directly affected, first, the decision of the District Attorney's office to seek an indictment, and second, the grand jury's decision to return an indictment. Patton's motion for summary judgment on qualified immunity must, therefore, be denied.

Defendant Ed Peters, former Hinds County District Attorney, has moved for summary judgment, contending, *inter alia*, that because Jennings' allegations against him relate solely to his activities in the scope of his duties as a prosecutor, he is absolutely immune from liability for these claims. Having considered the parties' arguments and evidence, it is evident that Peters is entitled to summary judgment.

Prosecutors are absolutely immune from § 1983 liability for acts "intimately associated with the judicial phase of the criminal process" such as initiating prosecutions, presenting the state's case, and pursuing a criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). See also Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993) (explaining that "acts undertaken by a prosecutor in preparing for the initiation of

11

judicial proceedings or for trial and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); Quinn v. Roach, No. 08-40633, 2009 WL 1181072, 9 (5th Cir. May 4, 2009) (observing that prosecutorial immunity extends to a prosecutor's actions in initiating, investigating and pursuing a criminal prosecution and holding that district attorney enjoyed prosecutorial immunity for decision to seek indictment); Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (holding that "[p]rosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process"); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980) (noting that prosecutorial immunity extends to "prosecutor's actions in initiating, investigating and pursuing a criminal prosecution"). In contrast, a prosecutor acting in an investigative or administrative capacity is protected only by qualified immunity. Imbler, 424 U.S. at 430-31, 96 S. Ct. at 994-96.

Jennings' theory of liability as to Peters is that Peters, as District Attorney, had implemented a policy and practice in his office of indicting individuals "on a dare," that is, he had implemented a practice of seeking an indictment notwithstanding the manifest absence of probable cause, for the sole purpose of coercing a guilty plea. Jennings' contends that, pursuant to this

12

practice, Peters' office sought an indictment against Jennings and Shelton, even though Peters and/or his assistants knew, prior to the presentation of the case against Jennings and Shelton to the grand jury, that there was no basis to prosecute them based on the evidence his office had gathered. Jennings apparently reasons that since such pre-indictment conduct amounted to establishing office policy, then Peters' conduct was not undertaken in his role as an advocate or closely connected to the judicial process, but was instead in the role of an administrator or investigator.

Aside from the fact that he lacks sufficient evidence to create an genuine issue of material fact as to the existence of such an alleged policy, Jennings' characterization of Peters' alleged actions as "administrative" or "investigative" does not withstand scrutiny. Cf. Van de Kamp v. Goldstein, --- U.S. ----, 129 S. Ct. 855, 861-65, 172 L. Ed. 2d 706 (2009) (holding that prosecutorial immunity applied to acts related to establishment of office administrative procedures regarding how and when to make impeachment information available at a trial). Moreover, while he insinuates that absolute immunity does not extend to a prosecutor who proceeds with a prosecution in the face of his subjective belief that probable cause for prosecution is lacking, courts have held to the contrary. See, e.g., Kulwicki v. Dawson, 969 F.2d 1454, 1463-1464 (3d Cir. 1992) (holding that a prosecutor is

absolutely immune when making decision to prosecute, "even where he acts without a good faith belief that any wrongdoing has occurred," and explaining that "[h]arm to a falsely-charged defendant is remedied by safeguards built into the judicial system–probable cause hearings, dismissal of the charges–and into the state codes of professional responsibility"); <u>Patterson v. City of Philadelphia</u>, Civil Action No. 08-2140, 2009 WL 1259968 (E.D. Pa. May 01, 2009) (prosecutor has absolute immunity for decision to initiate prosecution, even when he is aware that probable cause is lacking). For these reasons, Peters' motion for summary judgment will be granted.

Based on the foregoing, it is ordered that defendant Peters' motion for summary judgment is granted, and defendant Patton's motion for summary judgment is denied.

SO ORDERED this 23rd day of February, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE